AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri ▾

| | |
|---|---|
| ATHOS ASIA EVENT DRIVEN MASTER FUND, et. al. <br> *Plaintiff* | ) ) ) |
| v. <br> The Crawford Group, Inc. | ) Civil Action No. ) ) |
| *Defendant* | ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                    The Crawford Group, Inc.

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Schedule B attached.

| Place: 1795 Clarkson Road, Suite 230 <br> Chesterfield, MO 63017 | Date and Time: <br> 03/28/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:  Audio, audiovisual, and/or stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/01/2021

                    *CLERK OF COURT*
                                                OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ATHOS ASIA EVENT DRIVEN MASTER FUND, et. al. _____ , who issues or requests this subpoena, are:

Chris Lang, chris@nlh-law.com, 1795 Clarkson Road, Suite 230, Chesterfield, MO 63017, Tel: (314) 429-1515

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❒ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                  _____

*Server's signature*

                                  _____

*Printed name and title*

                                  _____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

For the purposes of these Requests, please use the following defined terms, which apply to each Request:

a.      "Board" means the Company's Board of Directors.

b.      "Buyer Group" means the following entities, and any of their employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals (including Weil, Gotshal & Manges LLP), or all other persons acting or claiming to act on their behalf during the relevant period:

      i.      Mr. Ray Ruiping Zhang;

      ii.      L & L Horizon, LLC;

      iii.      MBK Partners Fund IV, L.P.;

      iv.      MBK Partners JC IV, L.P.;

      v.      Fastforward Holdings Ltd;

      vi.      Fastforward Investment Ltd;

      vii.      Fastforward Company Ltd;

      viii.      The Crawford Group, Inc.;

      ix.      ICG Holdings 1, LLC;

      x.      ICG Holdings 2, LLC;

      xi.      Ctrip Investment Holding Ltd.;

      xii.      C-Travel International Limited;

      xiii.      Ctrip.com International, Ltd.;

      xiv.      Ocean General Partners Limited;

      xv.      Ocean Voyage L.P.;

      xvi.      Ocean Imagination L.P.;

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

xvii.   CDH Car Rental Service Limited;

xviii.   Nanyan Zheng;

xix.   Tianyi Jiang; and

xx.   Dongfeng Asset Management Co., Ltd.

c.   "<u>Certain Financial Projections</u>" has the same meaning as the terms "Company Projections" and "Prior Company Projections" in the Proxy.

d.   "<u>Communication</u>" shall mean any oral, written, or electronic transmission of information (in the form of facts, ideas, inquiries, or otherwise), Including all meetings, discussions, dialogues, conversations, telephone calls, interviews, negotiations, cablegrams, mailgrams, telegrams, telexes, cables, correspondence, facsimiles, emails, text messages, chat messages (Including Bloomberg messages, Instant Bloomberg chats, WeChat messages, QQ messages, and WhatsApp messages), or other forms of written or verbal interchange, however transmitted, Including reports, notes, memoranda, lists, agenda, proposals, opinions, messages, video tapes, and other documents or records of communication.

e.   "<u>Company</u>" means eHi Car Services Limited, and any of its past or present employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, or all other persons acting or claiming to act on its behalf.

f.   "<u>Concerning</u>," whether capitalized or not, means relating to, reflecting, referring to, pertaining to, containing, describing, regarding, illustrating, mentioning, evidencing, embodying, involving, analyzing, reporting on, commenting on, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

g.      "Document" is broadly interpreted to include, without limitation, original and all non-identical copies of all written or printed items and electronically stored information, Including letters, correspondence, emails, text messages, agreements, contracts, forms, bills of lading, invoices, specification or safety sheets, indemnity letters, letters of credit, tangible proofs of payment, information posted on blogs, social networking websites, chat messages (Including Bloomberg messages, Instant Bloomberg chats, and WhatsApp messages), memoranda, calendars, diaries, legal pleadings, day planners, travel records, lists, outlines, summaries, records of telephone conversations, facsimiles, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, books, pamphlets, brochures, presentations, analyses, circulars, manuals, instructions, ledgers, videotapes, audiotapes, film and sound reproductions, personal websites, compact discs, computer files and disks, photographs, all written or graphic records or representations of any kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved Including documents fixed in intangible media or electronically or digitally stored on disk or tape in a native format. A draft, non-identical, or marked copy is a separate Document. A draft or non-identical copy is a separate document within the meaning of this term.

h.      "Fairness Opinion" means the fairness opinion and accompanying Powerpoint presentation You rendered to the Special Committee on February 18, 2019, including as reflected at Annex C to the Proxy and Exhibit (c)-(4) to the Schedule 13E-3 (Amendment No. 4) filed by the Company on February 27, 2019.

i.      "Including" means including, but not limited to, regardless of whether it is capitalized.

3

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

j.       "<u>Merger Agreement</u>" means the Amended and Restated Agreement and Plan of Merger dated as of February 18, 2019, as referenced in the Proxy.

k.       "<u>Merger</u>" means all of the transactions contemplated by the Merger Agreement or the Original Merger Agreement (as defined in the Proxy), including without limitation the merger among the Company and the Buyer Group, which became effective on or about April 9, 2019, by which the Buyer Group accomplished the privatization of the Company.

l.       "<u>NCL</u>" means Next Commerce Limited, and any of its employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals, or all other persons acting or claiming to act on its behalf during the relevant period, including Christopher Hsu and Kilometre Capital.

m.       "<u>Original Buyer Group</u>" means the following entities, and any of their employees, attorneys, officers, directors, managers, members, advisors, agents, representatives, Professionals (including Weil, Gotshal & Manges LLP), or all other persons acting or claiming to act on their behalf during the relevant period:

       i.       Mr. Ray Ruiping Zhang;

      ii.       Ruiping Zhang 2016 Descendants Trust;

     iii.       L & L Horizon, LLC;

     iv.       MBK Partners Fund IV, L.P.;

      v.       MBK Partners JC IV, L.P.;

     vi.       Fastforward Holdings Ltd;

    vii.       Fastforward Investment Ltd;

   viii.       Fastforward Company Ltd;

     ix.       The Baring Asia Private Equity Fund VI, L.P.1;

4

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

> x.     The Baring Asia Private Equity Fund VI, L.P.2;
>
> xi.     The Baring Asia Private Equity Fund VI Co-investment L.P.;
>
> xii.     BPEA Teamsport Holdings Limited;
>
> xiii.     BPEA Teamsport Limited;
>
> xiv.     The Crawford Group, Inc.;
>
> xv.     RedStone Capital Management (Cayman) Limited;
>
> xvi.     Dongfeng Asset Management Co., Ltd.

n.     "Original Fairness Opinion" means the fairness opinion and accompanying Powerpoint presentation You rendered to the Special Committee on April 4, 2018, including as reflected at Annex C to the preliminary proxy statement reflected at Exhibit (a)-(1) annexed to the Schedule 13E-3 filed by the Company on April 26, 2018, and Exhibit (c)-(2) thereto.

o.     "Per Share Merger Consideration" shall have the meaning given to it in the Proxy.

p.     "Professional" means any counsel, consultant, advisor, expert, agent, representative, or other person engaged to provide, or involved in providing, at any time any services to any person.

q.     "Proxy" means Exhibit (a)-(1) annexed to the Schedule 13E-3 filed by the Company on March 11, 2019, and which is available at https://www.sec.gov/Archives/edgar/data/1517492/000114420419013193/tv515723_ex-a1.htm.

r.     "ROFO Purchases" shall have the meaning given to it in the Proxy.

s.     "Special Committee" means the committee of members of the Board as publicly announced by the Company on December 11, 2017.

t.     "You" and "Your" shall mean The Crawford Group, Inc. and its parents, subsidiaries, affiliates, and other  entities under its control and each of its employees, directors,

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

officers, agents, corporate parent, subsidiaries, affiliates, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, including but not limited to ICG Holdings 1, LLC, a Delaware limited liability company, ICG Holdings 2, LLC, a Delaware limited liability, and Greg Stubblefield.

## INSTRUCTIONS

1.      You are requested to produce all responsive Documents and Communications that are in your possession, custody, or control, wherever located, including those in the custody of your Professionals and affiliates.

2.      If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which you do not respond.

3.      If there are no Documents responsive to any particular Request, please state so in writing.

4.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any Document requested herein was formerly in your possession, custody, or control (or that of your Professional) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored

6

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All Documents shall be produced in TIFF format with OCR images in color. All Documents shall be produced with metadata, including the date created/sent, author, recipients, cc-copies, and bcc-blind copies. All Microsoft Excel, .csv, Microsoft Powerpoint, Microsoft Word, and similar files shall be produced in their native format. We reserve the right to request that Documents be produced in their native format.

7.      A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8.      References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the present tense shall include the past tense and the past tense shall include the present tense as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

9.      Documents should be produced in the manner they are kept in the ordinary course of business.  Documents attached to each other should not be separated.

10.     If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other

7

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Court.

11.     If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

12.     The following Requests are to be deemed continuing in nature. If you become aware of or acquire additional information relating or referring to any of the following Requests, such additional information must be promptly produced.

13.     Unless otherwise specified herein, the date range for the Requests is November 1, 2017 through April 10, 2019.

## DOCUMENT REQUESTS

1.     All Documents and Communications Concerning any valuation reports, fairness or solvency opinions, appraisals, analyses, reviews, discounted cash flow, comparable companies analysis, investor reports or updates, internal rate of return analyses, or other documents concerning the value, market value, book value or fair value of the Company, its stock, and/or any of the Company's assets or businesses, including any Documents or Communications created or sent during the period of November 1, 2017 through April 10, 2020.

2.     All Documents and Communications Concerning any forecast of the Company's future performance, including but not limited to the Certain Financial Projections.

3.     Documents related to the Company's competitive position, growth prospects, competitive position, and strategic developments.

4.     All documents and communications Concerning any inquiry, expression of interest, or proposal from any party to acquire any or all of the stock or assets of the Company.

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

5.      All Documents and Communications exchanged between You and any member(s) of the Buyer Group Concerning the Merger.

6.      All Documents and Communications exchanged between You and any member(s) of the Original Buyer Group Concerning the Merger.

7.      All Documents and Communications exchanged between You and NCL Concerning the Merger.

8.      All Documents and Communications Concerning the Fairness Opinion.

9.      All Documents and Communications Concerning the Original Fairness Opinion.

10.     All Documents or Communications reflecting any negotiations Concerning the Merger.

11.     All Documents or Communications Concerning any condition that the Merger be approved by a majority of the outstanding shares held by shareholders of the Company who are not affiliated with the Original Buyer Group or the Buyer Group.

12.     All Documents or Communications Concerning a condition of the Merger closing include a maximum number or percentage of shareholders that exercise dissenters' rights under the law of the Cayman Islands.

13.     All Documents or Communications Concerning offering a per share price in the ROFO Purchases that was higher than the Per Share Merger Consideration, including any Documents or Communications created or sent during the period of November 1, 2017 through April 10, 2020.

14.     Documents sufficient to identify any indemnification or reimbursement obligation by the Company for Your expenses, costs, and fees in connection with responding to this subpoena.

9

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

15.     All Documents and Communications created by, received by, or used by Mr. Stubblefield in connection with Your or his consideration of the Merger.

16.     Documents sufficient to reflect any of Your manuals, memos, policies, or procedures Concerning the process by which You analyzed your investment in the Company.

**PRIVILEGED & CONFIDENTIAL**
**HF ATTORNEY WORK PRODUCT**
**SUBJECT TO COMMON INTEREST**

## SCHEDULE B

## DEFINITIONS & INSTRUCTIONS

1.      The Definitions in Schedule A are incorporated herein by reference.

2.      Petitioners hereby advise You that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6)"), You have a "duty to confer with the serving party and to designate each person who will testify." Rule 30(b)(6) states in its entirety as follows:

> *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

3.      Petitioners reserve the right to supplement and/or modify the list of Rule 30(b)(6) topics after documents have been produced by You in response to the requests in Schedule A.

## DEPOSITION TOPICS

You shall testify concerning:

1.      Your analysis and review of any financial projections or plans concerning the Company, including, without limitation, Your review and analysis of the Certain Financial Projections, or financial projections or plans concerning the Company.

2.      Your preparation or consideration of any valuation reports, fairness or solvency opinions, appraisals, analyses, reviews, discounted cash flow, comparable companies analysis,

11

investor reports or updates, internal rate of return analyses, or other documents concerning the value, market value, book value or fair value of the Company, its stock, and/or any of the Company's assets or businesses.

3.      Your Communications with third parties (other than the Company, the Board, or the Special Committee) regarding their potential interest in entering into a transaction concerning the Company.