UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*<br><br>ATHOS ASIA EVENT DRIVEN MASTER FUND; KEVIN XIN LU; FOURWORLD EVENT OPPORTUNITIES, LP; BCIM STRATEGIC VALUE MASTER FUND, LP; MASO CAPITAL ARBITRAGE FUND LIMITED; and MASO CAPITAL INVESTMENTS LIMITED,<br><br>                    Petitioners,<br><br>           v.<br><br>THE CRAWFORD GROUP, INC.,<br><br>                    Respondent. | Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS'**
**_EX PARTE_ APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Petitioners Athos Asia Event Driven Master Fund; Kevin Xin Lu; FourWorld Event Opportunities, LP; BCIM Strategic Value Master Fund, LP; Maso Capital Arbitrage Fund Limited; and Maso Capital Investments Limited (collectively, "Petitioners"), hereby respectfully petition this Court for an order under 28 U.S.C. § 1782 authorizing discovery from The Crawford Group, Inc. ("Respondent" or "Crawford").

**PRELIMINARY STATEMENT**

As set forth in the accompanying application, Crawford is a major shareholder of eHi Car Services Ltd. (the "Company" or "eHi"), a company organized under the laws of the Cayman Islands that operates a large rental car company based in China. Crawford had a designee on the

1

Company's board of directors (the "Board") and, through its subsidiary Enterprise Holdings, Inc. ("Enterprise"), partnered with the Company to grow each other's businesses beginning in 2012.

Before the merger described below, the Company was a publicly traded company. Ultimately, a group of shareholders and other investors—of which Crawford was a member—entered into a merger agreement with the Company in February 2019. Under that agreement, the "buyer group" would own the Company after the merger closed, the Company's shares would be delisted, and shareholders would receive $6.125 per share as consideration. The merger valued the Company at approximately $864 million. The buyer group held 47% of the Company's shares but had 78% of the voting rights.

Cayman Islands law allows shareholders to "dissent" from a merger and the company is then required to petition the Cayman Islands courts to determine the "fair value" of the shares. Petitioners dissented from the Company's going-private merger and an appraisal proceeding is pending in the Cayman Islands (the "Appraisal Proceeding"). The parties in the Cayman Appraisal Proceeding (*i.e.*, the Company, Petitioners, and certain other dissenting shareholders, *but not Crawford*) have recently exchanged documents and the Company has served its factual evidence in accordance with the timetable governing the proceeding. The Company and the shareholders have each retained valuation experts; initial expert reports are due on May 7, 2021.

Petitioners' expert wishes to obtain discovery from third parties to the Appraisal Proceeding, including Crawford, to assist in his work opining on the "fair value" of the Petitioners' shares of the Company. However, due to the limited nature of the parties' disclosures in the Appraisal Proceeding, Petitioners are only entitled to documents provided directly by the Company, such that they are seeking this Court's assistance in obtaining discovery under 28 U.S.C. § 1782 ("Section 1782"). Cayman Islands courts nonetheless welcome the introduction of third-

party valuation evidence, and *the Cayman Court did not object to Petitioners seeking discovery under Section 1782*. As a member of the buyer group, which engaged in due diligence regarding the Company, entered into several rounds of negotiations regarding the merger, and had to consider and respond to competing proposals, Petitioners believe that Crawford will have documents that will assist their expert and enable him and the Cayman Court to consider all relevant evidence regarding the Company's fair value. As set forth in the Declaration of Marc Kish (the "Kish Declaration"), this application is made only after the Company recently (i) provided its documents to Petitioners, and (ii) declined Petitioners' expert's request to collect and produce documents from Crawford.

Accordingly, Petitioners respectfully request that this Court grant Petitioners' application because it satisfies a settled statutory authority.

## BACKGROUND[1]

Petitioners respectfully incorporate the background facts set forth in the application filed to commence this proceeding.

## ARGUMENT

### I.   The Application Meets the Statutory Requirements of Section 1782

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person . . . ."[2] Accordingly, to obtain discovery under Section 1782, an applicant must satisfy three statutory requirements: (1) the discovery must be directed at someone who resides or

---

[1] References to "Ex." refer to those exhibits attached to the application. Capitalized terms not defined herein have the meaning given to them in the application.
[2] 28 U.S.C. § 1782(a).

3

is found within the district of the district court where the application is made; (2) the discovery must be for use in a foreign proceeding; and (3) the applicant must be an "interested person."[3] Petitioners' application satisfies these statutory requirements.

### A. Crawford is Found in this District

Crawford is found in this District. Crawford is a Missouri corporation that is headquartered in St. Louis, Missouri. Kolb Decl. ¶ 4; **Ex. 5**. Accordingly, the first statutory requirement is satisfied.[4]

### B. The Discovery Sought is Intended for Use in a Foreign Proceeding

The discovery Petitioners seek is for use in the Appraisal Proceeding.[5] A Section 1782 applicant establishes the "for use" requirement if the requested discovery can be submitted and "rel[ied] on" by the foreign tribunal.[6] To meet the "for use" test the materials sought need not be discoverable or even admissible as evidence in the foreign jurisdiction.[7]

The discovery sought here relates to the central issue of the Appraisal Proceeding—the Company's fair value—and will be utilized by Petitioners' expert and the Cayman Court. *See* **Ex. 3** ¶¶ 21, 25-26. In determining the fair value of the Company's Shares, Cayman Islands courts have emphasized the need to consider all facts and matters that may bear on the determination of the Shares' fair value. **Ex. 3** ¶¶ 31-34.

---

[3] *Gov't of Ghana v. ProEnergy Servs. LLC*, No. 11-9002-MC-SOW, 2011 WL 2652755, at *2 (W.D. Mo. June 6, 2011) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47, 261 (2004)); *see In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017).
[4] *See Consorcio Minero S.A. v. Doe Run Resources Corp.*, No. 11-mc-583, 2011 WL 4550200 (E. D. Mo. Sept. 30, 2011) (holding that entity headquartered in St. Louis was found in this district).
[5] *See, e.g.*, *Intel*, 542 U.S. at 258.
[6] *Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 118 (2d Cir. 2015) (quoting *Intel*, 542 U.S. at 257–58).
[7] *Intel*, 542 U.S. at 243; *In re: Baycol Prod. Litig.*, No. MDL1431, 2003 WL 22331293, at *4 (D. Minn. May 6, 2003) ("[T]his Court will not require a threshold showing [of discoverability] prior to granting the discovery request, but will consider any clear or authoritative evidence that the allowance of discovery will offend the foreign tribunal in making its determination.").

4

The need to consider all facts and matters that may have a bearing on the determination of the Shares' value was recognized by the Cayman Islands Court of Appeal in *Qihoo*: "The sole task of the Court is to determine the fair value of the dissenters' shares. To do that, it needs **full information**." **Ex. 23** ¶ 19 (emphasis added). The Cayman Court overseeing the Appraisal Proceeding has reiterated similar sentiments. **Ex. 16** ¶ 27 ("The discovery process in section 238 cases is different, but it is consistent with the GCR and is necessary and geared towards producing all relevant information for the purpose of the expert valuation."). Petitioners expert can, and indeed should, consider all available evidence when deciding the fair value of the Company's Shares.

Accordingly, the second statutory requirement is satisfied.[8]

### C. Petitioners are Interested Persons

Petitioners are each an "interested person" under Section 1782 because each is a dissenting shareholder that is a party to the Appraisal Proceeding.[9] **Ex. 3** ¶ 5. Accordingly, the third statutory requirement is satisfied.

### II. The Discretionary Factors Favor Granting the Application

Once the three statutory requirements of Section 1782 are satisfied, the Court must determine, in its discretion, whether to order the requested discovery.[10] In *Intel*, the Supreme Court identified four factors to consider in determining when discovery is permissible under Section 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" so that the "foreign tribunal has jurisdiction over [it];" (2) "the nature of the foreign

---

[8] *See In re Appl. of Temporary Services Ins. Ltd.*, Index No. 09–MC–48S(Sr), 2009 WL 2843258, at *2 (W.D.N.Y Aug. 28, 2009) (finding discovery sought for use in Cayman Islands proceeding satisfied this prong).
[9] *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the interested persons who may invoke § 1782."); *Consorcio Minero S.A.*, 2011 WL 4550200, at *2 (same).
[10] *E.g., Gov't of Ghana*, 2011 WL 2652755, at *2; *see Intel*, 542 U.S. at 264.

tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court juridical assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the requests are "unduly intrusive or burdensome" and if so, whether those requests can be "trimmed."[11] No factor is given more weight than the others, and none is dispositive.[12]

In addition to these suggested factors, the Court should also consider the overarching principles of Section 1782.[13] "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."[14] Indeed, "a party to litigation in a foreign country can seek discovery relating to that litigation in a federal district court, and, in the discretion of that court, can obtain *as much discovery as it could* if the lawsuit had been brought in that court rather than abroad."[15] "Congress intended [] that 28 U.S.C. § 1782 would provide an avenue for judicial assistance to foreign or international tribunals whether or not reciprocal arrangements existed. . . . [Section 1782] is a one-way street."[16] "Absent *specific directions* to the contrary from a foreign forum, the statute's underlying policy

---

[11] *Intel*, 542 U.S. at 264–65; *Gov't of Ghana*, 2011 WL 2652755, at *3.
[12] *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 97 (2d Cir. 2009).
[13] *In re: Baycol Prod. Litig.*, 2003 WL 22331293, at *3.
[14] *Intel*, 542 U.S. at 247; *In re: Baycol Prod. Litig.*, 2003 WL 22331293, at *3.
[15] *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) (internal citations omitted) (emphasis added).
[16] *Appl. of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir. 1992) (quotation omitted); *In re: Baycol Prod. Litig.*, 2003 WL 22331293, at *3 ("Whether or not to grant the requested discovery should not be influenced by the fact that the foreign jurisdiction does not have reciprocal discovery procedures, nor should the court impose an exhaustion requirement through the foreign tribunal." (citation omitted)).

6

should generally prompt district courts to provide some form of discovery assistance."[17] As set forth below, Petitioners satisfy the discretionary *Intel* factors.

### A. The Discovery is Sought from Non-Parties to the Appraisal Proceeding

The first *Intel* factor looks at whether Crawford is a participant in the Appraisal Proceeding. In this regard, courts treat Section 1782 requests "permissively, especially where . . . the discovery is sought from a non-party to the foreign actions."[18] Indeed, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."[19]

Crawford is not a party to the Appraisal Proceeding and Petitioners are otherwise unable to obtain the discovery sought in the application through the Appraisal Proceeding. **Ex. 3 ¶¶ 22-24**. This factor weighs in favor of granting the application.[20]

---

[17] *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995) (emphasis added); *see Consorcio Minero*, 2011 WL 4550200, at *2 ("The purpose of § 1782(a) is to provide federal-court assistance in gathering evidence for use in foreign tribunals." (citing *Intel*, 542 U.S. at 247); *id.* ("The statute has the 'twin aims' of 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).
[18] *In re Appl. Pursuant to 28 U.S.C. § 1782*, 249 F.R.D. 96, 103 (S.D.N.Y. 2008).
[19] *Intel*, 542 U.S. at 264; *Gov't of Ghana*, 2011 WL 2652755, at *4.
[20] *Gov't of Ghana*, 2011 WL 2652755, at *4 ("[Respondent] is not a party to any of the foreign proceedings, and is not subject to the jurisdiction of any of the foreign jurisdictions. These facts weigh in favor of granting [the] application under § 1782 because, as the Supreme Court stated in *Intel*, the evidence of nonparticipants outside the reach of the foreign tribunal's jurisdiction '*may* be unobtainable absent Section 1782(a) aid.'" (citing 542 U.S. at 264)); *see In re CA Inv. (Brazil) S.A.*, No. 19-MC-22 (MJD/SER), 2019 WL 1531268, at *4 (D. Minn. Apr. 9, 2019) (granting Section 1782 requests when the respondent was "not a participant to the foreign proceedings," was outside the foreign proceedings' jurisdictional reach, and "likely has information related to the [subject of the foreign proceedings]."); *In re Request for Judicial Assistance from the Mun. Court in Brno, Czech Republic*, No. 19-MC-21 (ECT/SER), 2019 WL 1513897, at *2 (D. Minn. Apr. 8, 2019) (same).

B. <u>Cayman Courts are Receptive to Section 1782 Discovery</u>

The second *Intel* factor considers whether the "nature, attitude and procedures" of the foreign tribunal indicate that it is receptive to Section 1782 assistance.[21] "Parties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence."[22] The burden is thus on the party opposing the discovery to show that a foreign court is not receptive to federal court assistance.[23]

As set forth in the Kish Declaration, Cayman Islands courts generally consider any evidence that has a bearing on determining the fair value of a company's shares in a Section 238 proceeding. Petitioners are unaware of any authority suggesting that such evidence is inadmissible as a matter of law.[24]

Indeed, the Cayman Islands Court of Appeal has underscored that third-party valuation materials may be considered in Section 238 proceedings, reasoning:

> [I]n my judgment, if third party valuations in the possession of the Company are relevant, so are third party valuations not in the possession of the Company, but, for instance in the possession of the Dissenting Shareholders. After all, the question of fair value is closely related to the question of what a willing buyer and a willing seller would exchange for the shares of the Company (or for the

---

[21] *In re O'Keeffe*, 646 F. App'x 263, 266-67 (3d Cir. 2016); *see Euromepa*, 51 F.3d at 1101 (holding that because there was no evidence that French authorities would reject the discovery assistance, "we are unable to accept the district court's conclusion that granting MEPA's discovery request will in fact offend the people of France"); *see also In re Appl. of Auto-Guadeloupe Investissement S.A., for an Order to Take Discovery Pursuant to 28 U.S.C. Section 1782*, 2012 WL 4841945, at *6 (S.D.N.Y. Oct. 10, 2012).
[22] *Consorcio Minero S.A.*, 2011 WL 4550200, at *3; *Gov't of Ghana*, 2011 WL 2652755, at *4.
[23] *See Gov't of Ghana*, 2011 WL 2652755, at *4.
[24] *See also In re Hopkins*, 2020 WL 733182, at *4 (N.D. Cal. Feb. 13, 2020) ("In the absence of evidence that the Cayman Islands court would object to Petitioners' discovery of the information sought in the subpoena, or that Cayman Islands courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.").

8

>Company as a whole): and that question is closely related to valuations conducted within the market generally.

**Ex. 3** ¶ 34 (quoting *Re Qunar Cayman Islands Limited* (unreported, 10 April 2018, CICA NO 24 of 2017) (**Ex. 22**) at paragraph 60). The same reasoning extends to the materials Petitioners seek in this application because Crawford possesses knowledge and documentary evidence relevant to the "question of fair value" the parties in the Appraisal Proceeding are currently litigating. Indeed, Crawford purchased shares through the ROFO Purchases that had a higher per share price than the Merger. Accordingly, Petitioners have a good faith basis to believe that the documentary evidence sought under Section 1782 is relevant and that they will be able to use the evidence in the Appraisal Proceeding.[25]

Furthermore, as set forth in the Kish Declaration, Cayman Islands courts are receptive to the use of Section 1782 applications to obtain discovery for use in Cayman Islands proceedings. *See* **Ex. 3** ¶ 39 & **Ex. 26**. The Cayman Islands Court of Appeal in *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited*, [2009] CILR 553, expressly held that the right to obtain full discovery, pre-trial deposition testimony and documents, "is a right conferred by U.S. law-it is *not a right* conferred by, or *to be withheld under Cayman law.*" **Ex. 26** (emphasis added) (upholding trial court determination to allow the use of discovery obtained Section 1782). The *Lyxor* Court ruled that, when a party has a right to avail itself of legitimate foreign process, like under Section 1782, there must be a compelling reason to prevent it from doing so. The Cayman Islands Court of Appeal ruled that such a prohibition would only be appropriate when it would be unconscionable to use the discovery obtained through foreign process.

Multiple U.S. courts, including the Second Circuit, have recognized that "Cayman courts are in fact receptive to evidence obtained through U.S. discovery procedures, even if such evidence

---

[25] *See In re Application of Hill*, 2007 WL 1226141, at *3 (S.D.N.Y. Apr. 23, 2007).

9

may not be discoverable under Cayman law."[26] Moreover, the Directions Order specifically contemplates the parties seeking discovery under Section 1782 and the Cayman Court's ability to ensure that such discovery can be accommodated in the timetable to the Appraisal Proceeding. **Ex. 15** ¶ 43. The Direction's Order was entered with the consent of the Company's counsel. Accordingly, this factor also weighs in favor of granting the application.

### C.   Petitioners are not Circumventing Foreign Restrictions

The third *Intel* factor considers whether the application is used to "circumvent foreign proof-gathering restrictions," and is meant to preclude bad faith misuse of the Section 1782 process.[27] This factor does "not 'authorize denial of discovery pursuant to § 1782 solely because such discovery is unavailable in the foreign court, but simply . . . allow[s] consideration of foreign discoverability (along with many other factors) when it might otherwise be relevant to the § 1782 application.'"[28] The "availability of the discovery in the foreign proceeding should not be afforded

---

[26] *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018); *see Gushlak v. Gushlak*, 486 F. App'x 215, 218 (2d Cir. 2012) (affirming use of Section 1782 applications in connection with Cayman divorce proceedings); *In re Dickson*, 2020 WL 550271, at *1 (S.D.N.Y. Feb. 4, 2020); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) (granting applications seeking documents for use in Cayman Islands proceedings); *In re Penner*, 2017 WL 5632658, at *3 (D. Mass. Nov. 22, 2017) (finding that the Cayman court "is open to receiving § 1782 discovery").

[27] *Intel*, 542 U.S. at 264–65.

[28] 793 F.3d at 303 (quoting *In re Appl. for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997)). The information sought need not be discoverable or admissible in the foreign forum. *Intel*, 542 U.S. at 253 ("We now hold that § 1782(a) does not impose [] a [foreign-discoverability] requirement."). *In re: Baycol Prod. Litig.*, 2003 WL 22331293, at *4 ("[T]his Court will not require a threshold showing [of discoverability] prior to granting the discovery request, but will consider any clear or authoritative evidence that the allowance of discovery will offend the foreign tribunal in making its determination."); *In re Imanagement Servs. Ltd.*, No. Misc. 05-89(FB), 2005 WL 1959702, at *5 (E.D.N.Y. Aug. 16, 2005) ("[Section] 1782 does not contain an exhaustion requirement that would impose upon an applicant a duty to first seek the requested discovery from the foreign court.").

10

undue weight."[29] Accordingly, whether the discovery being sought is available to Petitioners in the Appraisal Proceeding is irrelevant.

Additionally, as set forth in the Kish Declaration, the discovery Petitioners seek is unavailable in the Appraisal Proceeding not because Cayman Islands courts wish to exclude such evidence, but because the Cayman Islands courts only have the power to order discovery *from the parties to the action*. **Ex. 3** ¶ 30. Here, Petitioners are seeking discovery from Crawford, a third party to the Appraisal Proceeding based in this district, so the sought discovery sought is not available in the Appraisal Proceeding.

Moreover, Petitioners are making this Section 1782 application only after having been provided with access to the Company's disclosures in the Appraisal Proceeding's data room, after the Cayman Court ruled on the scope of available discovery in the Appraisal Proceeding, and after the Company provided its factual evidence. Granting the Section 1782 application would not conflict with or circumvent any proof-gathering restrictions in the Cayman Islands. Therefore, this factor also weighs in favor of granting the application.

### D.     The Requests are Narrowly Tailored

The Requests are narrowly tailored. As an initial matter, the respondent to Section 1782 discovery bears the burden to establish that the discovery presents an undue burden.[30] Here, Crawford cannot establish that the Requests are unduly intrusive or burdensome under the Federal Rules of Civil Procedure.[31]

---

[29] *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015).
[30] *In re Appl. of Bloomfield Inv. Resources Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016).
[31] *See California State Teachers Ret. Sys. v. Novo Nordisk, Inc.*, No. CV1916458FLWDEA, 2020 WL 6336199, at *10 (D.N.J. Oct. 29, 2020) ("Section 1782 expressly incorporates the Federal Rules of Civil Procedure and the fourth factor aligns with Rules 26 and 45. In that regard, "assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules." (quoting *In re Ex Parte Global Energy Horizons Corp.*, 647 F. App'x 83, 85–86 (3d Cir. 2016)); *Mees*, 793 F.3d at 302 ("[A] district court evaluating a § 1782

The Requests are each narrowly tailored in time and scope to seek information relevant to the Appraisal Proceeding. *See* **Ex. 1**. The Requests focus on valuations and related analyses of the Company and use a narrow time period limited to when the Company and Crawford were considering the Merger.[32] As a large, sophisticated entity that was represented by counsel in the Merger negotiations, and as a longstanding shareholder of the Company, Crawford is certain to have completed its own internal analysis of the Company's fair value and the negotiations.

Finally, if the Court believes any of the Requests is overly broad, "it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright."[33] Accordingly, this last factor weighs in favor of granting the application, and Petitioners are entitled to the discovery sought from Crawford.

---

discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26.").

[32] *See In re Gushlak*, 2011 WL 3651268, at *6 (E.D.N.Y. Aug. 17, 2011) (holding that a Section 1782 request, like any other discovery request, is "reasonably calculated" to lead to relevant information if there is "any possibility that the information sought may be relevant to the subject matter of the action"); *In re CA Inv. (Brazil) S.A.*, 2019 WL 1531268, at *4 (granting Section 1782 requests that were "narrowly tailored to information known to [the respondent] related to the [subject of the] dispute in each of the foreign proceedings"); *In re Request for Judicial Assistance from the Mun. Court in Brno, Czech Republic*, 2019 WL 1513897, at *2 (granting "narrowly tailored" Section 1782 requests); *In re Armcon Ltd.*, No. 18-MC-51 (JRT/TNL), 2018 WL 3455485, at *2 (D. Minn. July 18, 2018) (granting Section 1782 requests that were "narrowly tailored to [respondent's] knowledge concerning [a subject] at dispute in the [foreign] proceedings").

[33] *Euromepa*, 51 F.3d at 1101; *In re the Application of Sauren Fonds-Select SICAV For Discovery Pursuant to 28 U.S.C. § 1782*, No. 216CV00133SDWLDW, 2016 WL 6304438, at *6 (D.N.J. Oct. 26, 2016) ("Respondents' arguments regarding undue burden and expense are better addressed in this fashion [through meet and confers between the parties, with the court retaining jurisdiction to resolve any disputes as to the appropriate scope of discovery] than by vacating [the Court's order] granting the § 1782 petition.").

### III. *Ex Parte* Relief is Appropriate, With Notice Given to Interested Parties

Discovery sought under Section 1782 may be authorized on an *ex parte* basis,[34] and Fed. R. Civ. P. 26 and 45 governs the scope of discovery authorized under Section 1782.[35] Thus, once the Subpoena is issued, Crawford can, if necessary, object to its scope.[36] Therefore, *ex parte* relief is justified.

In any event, Petitioners will comply with the Cayman Court's requirement that the Cayman Court and the parties to the Appraisal Proceeding be provided with notice of the filing of this application under Section 1782 as soon as practicable. *See* **Ex. 15 ¶ 43**. Petitioners will simultaneously provide in-house counsel and transactional counsel for Crawford, as well as counsel for the Updated Buyer Group, with notice of the filing of this application and request Crawford's consent to the issuance of the Subpoena so that the parties hereto may negotiate, if necessary, the scope of the discovery Petitioners seek. Furthermore, Petitioners will provide the Company's counsel with notice of any subpoena authorized by this Court in accordance with Rules 30(b)(1) and 45(a)(4) of the Federal Rules of Civil Procedure.

---

[34] *Consorcio Minero S.A.*, 2011 WL 4550200, at *2 (granting Section 1782 application on an *ex parte* basis); *In re CA Inv. (Brazil) S.A.*, 2019 WL 1531268, at *4 (same); *Gov't of Ghana*, 2011 WL 2652755, at *6 ("[I]t is well-settled that the Court has authority to rule on a § 1782 application *ex parte*." (citing *In re Application of Esses*, 101 F.3d 873, 874 (2d. Cir.1996); *In re Republic of Ecuador*, No. 1:10–mc–00040 GSA, 2010 WL 4193072, at * 2 (D. Colo. Oct. 20, 2010)).

[35] *See Gov't of Ghana*, 2011 WL 2652755, at *6 ("Discovery is as broad under § 1782 as it is under Fed. R. Civ. P. 26."); *In re Request for Judicial Assistance from the Mun. Court in Brno, Czech Republic*, 2019 WL 1513897, at *2 ("In accordance with 28 U.S.C. § 1782(a), the discovery conducted pursuant to this Order, as well as any related motion practice, shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court."); *Consorcio Minero S.A.*, 2011 WL 4550200, at *4.

[36] *See Consorcio Minero S.A.*, 2011 WL 4550200, at *4 ("Once the subpoenas are issued, [the respondents] will have the opportunity to object or seek an order modifying or quashing the subpoenas.").

## **CONCLUSION**

Accordingly, for the foregoing reasons, Petitioners respectfully request that this Court grant the *ex parte* application for judicial assistance under Section 1782.

Dated:  March 1, 2021

Respectfully Submitted,

 /s/Christopher J. Lang
Christopher J. Lang  #49256
NICHOLS LANG & HAMLIN, LLC
1795 Clarkson Road, Suite 230
Chesterfield, MO 63017
Tel: (314) 429-1515
Fax: (314) 428-9592
chris@nlh-law.com

and

Sean E. O'Donnell (2907186(NY))
Kyle J. Kolb (5014121(NY))
George Utlik (4570610(NY))
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, New York 10016
Tel: (212) 592-1400
sodonnell@herrick.com
kkolb@herrick.com
gutlik@herrick.com

*Attorneys for Petitioners*