UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding* ) ) ) ) ) ATHOS ASIA EVENT DRIVER MASTER ) FUND, et al., ) ) ) Petitioners, ) ) v. ) ) THE CRAWFORD GROUP, INC., ) ) Respondent. ) | Case No. 4:21-mc-00153-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Application for an *Ex Parte* Order of Judicial Assistance Pursuant to 28 U.S.C. § 1782. ECF No. 1. For the reasons set forth below, the application will be granted.

## BACKGROUND

Petitioners Athos Asia Event Driver Master Fund; Kevin Xin Lu; FourWorld Event Opportunities, LP; BCIM Strategic Value Master Fund, LP; Maso Capital Arbitrage Fund Limited; and Maso Capital Investments Limited (collectively, "Petitioners") are shareholders of eHi Car Services Limited ("Company"). ECF No. 1. The Company is incorporated under the laws of the Cayman Islands and operates a large rental car company based in China. Prior to a merger that took place in February of 2019, the Company was publicly traded.

1

Respondent the Crawford Group, Inc. ("Crawford") is a citizen of the state of Missouri and has held a significant stake in the Company as a shareholder since 2012. Crawford also has a designee on the Company's board of directors.

In February of 2019, Crawford and other shareholders and investors (collectively, the "Buyer Group") entered into a merger agreement with the Company. *Id*. The merger agreement resulted in the Company going private and forcing a share sale to the Buyer Group. *Id.* Under the negotiated terms of the merger, selling shareholders were entitled to receive $6.125 per share as consideration. *Id.*

Petitioners are a group of dissenting shareholders that objected to the merger. In April of 2019, the Company's shareholders approved the merger agreement over Petitioners' dissent. After Petitioners rejected the Company's offer to purchase their shares at the price of $6.125 per share, and pursuant to Cayman Islands law, the Company initiated an appraisal proceeding[1] (the "Appraisal Proceeding"). Specifically, on June 24, 2019, the Company filed a petition in the Grand Court of the Cayman Islands seeking a determination of the fair value of the dissenting shareholders' shares in the Company. ECF No. 1-5 at ¶ 13, 28. The Appraisal Proceeding is currently pending in the Cayman Islands court. Petitioners are parties to the Appraisal Proceeding, and they have brought the instant motion before this Court to seek discovery for use in the Appraisal Proceeding. Petitioners assert that the discovery is necessary to assist their

---

[1] *In the Matter of the Companies Law (2018 Revision) and in the Matter of eHi Car Services Limited*, Cause No. FSD 115 of 2019 (RPJ) (ECF No. 1-17).

2

expert witness in opining on the fair value of the Company's shares; Petitioner's initial expert report is due in the Appraisal Proceeding on May 7, 2021.  ECF No. 2.

      Cayman Islands law only enables Petitioners to take discovery from the parties involved in the Appraisal Proceeding.  Crawford is not a party to the Appraisal Proceeding.  As a member of the Buyer Group, however, Petitioners allege that Crawford has documents that would enable the Cayman Islands court to determine the fair value of the Company's shares at the relevant time.  Consequently, Petitioners filed this § 1782 Application to compel discovery from Crawford for use in the Appraisal Proceeding.  Specifically, Petitioners seek documents in Crawford's possession related 16 topics and covering the time period of November 1, 2017 through April 10, 2019.  The topics listed in Petitioners' proposed subpoena include documents related to Crawford's financial analysis, valuations, and projections concerning the Company, as well as documents and communications concerning Crawford's merger agreement with the Company in general.  *See* ECF No. 1-3, Ex. 1, pp. 8-9.  Petitioners also request a deposition of a Crawford corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), on three topics: Crawford's financial projections concerning the Company, preparation of valuation reports or related analysis concerning the Company, and communications with third parties regarding their interest in entering into a transaction concerning the Company.  *Id.* at pp. 11-12.

Crawford opposes the § 1782 Application.[2] In its Memorandum in Opposition, Crawford contends that it did not conduct its own valuation or appraisal of the Company shares and instead relied on the valuation and financial analysis provided by the Company; Crawford has provided sworn declarations attesting to this fact. ECF No. 18. Crawford also argues that Petitioners' § 1782 Application is not 'for use' in a foreign proceeding because the discovery sought is plainly irrelevant to that proceeding. Crawford argues that Petitioners have already obtained any relevant information with respect to valuation from the Company itself as part of its disclosures during the Appraisal Proceeding and from another member of the Buyer Group, Duff & Phelps, as part of another § 1782 application that was granted in the Southern District of New York. ECF No. 18-2; *see also In re Application of Athos Asia Event Driven Master Fund et al.*, Case No. 1:21-MC-00208-GBF, ECF 8 (S.D.N.Y. Mar. 3, 2021). Duff & Phelps was the financial advisor to the special committee of the Company's board of directors charged with evaluating the merger and prepared a fairness opinion in connection with the merger. Crawford maintains that to the extent Petitioners seek information beyond that provided by the Company and to be provided by Duff & Phelps, the information is outside the narrow scope of the Appraisal Proceeding.

Although Petitioners have requested to meet and confer with Crawford regarding the scope of the requested discovery, Crawford has asked the Court to deny the § 1782

---

[2]    Although Petitioners initially sought *ex parte* relief, Crawford received notice of Petitioner's Section 1782 Application, entered its appearance on March 4, 2021, and was granted leave by the Court to respond to the Application.

4

Application outright and has reserved its right to object to the scope of discovery in the event that the Application is granted.

## DISCUSSION

Section 1782 provides that a district court "may order [a person residing in the district] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a).

In order to grant discovery under § 1782, the Court must engage in a two-step analysis. *Gov't of Ghana v. ProEnergy Servs. LLC,* No. 11-9002-MC-SOW, 2011 WL 2652755, at *2 (W.D. Mo. June 6, 2011) (citing *Intel Corp v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004)). First, the Court must determine whether the application satisfies the statutory prerequisites and whether the Court has discretion to permit discovery under the statute. *Id.* Second, the Court determines whether and how to exercise its discretion. *Id.*

**Statutory Prerequisites**

In *Intel,* the Supreme Court interpreted § 1782 to include three statutory requirements. *Id.* at 246–47. Specifically, a district court is authorized to assist a foreign or international tribunal or a litigant before such a tribunal by ordering discovery where: (1) the person from whom discovery is sought resides or is found in the district, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." *Id.*

Here, Crawford is a Missouri corporation that is headquartered St. Louis. ECF No. 1-7. Therefore, the first statutory requirement has been met.

Next, Petitioners seek to use discovery from Crawford in aid of determining the fair value of their shares in the Appraisal Proceeding in the Cayman Islands. Crawford argues that Petitioner's § 1782 Application is not "for use" in the foreign proceeding because the proposed subpoena is overbroad and requests materials irrelevant to the narrow issue of "fair value." ECF No. 18, pp. 5–6.

"However, § 1782 does not establish a standard for discovery. Instead, it provides for a threshold determination of whether to allow foreign litigants to enjoy discovery in U.S. courts in accordance with federal rules." *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012). Crawford's objection as to overbreadth speaks to the extent of the discovery that should be granted, not whether the statutory "for use" requirement has been met. Petitioners clearly seek discovery of materials 'for use' in a foreign proceeding. And as discussed below, while the Court agrees that Petitioner's discovery requests could and should be narrowed, the most efficient way to do so is to grant the § 1782 Application and then require the parties to meet and confer pursuant to this Court's Local Rule 3.04.

Regarding the final statutory requirement, as Crawford does not dispute, Petitioners are interested parties in the foreign tribunal because each is a dissenting shareholder and a party to the Cayman Islands Appraisal Proceeding. The statutory requirements are therefore met by Petitioners' § 1782 Application.

**Discretionary Factors**

Once the statutory factors are met, a district court should consider the following discretionary factors: (1) whether the material sought is within the foreign tribunal's

6

jurisdictional reach and thus accessible without relying on § 1782(a); (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court jurisdictional assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See Intel,* 542 U.S. at 264–65.

The first discretionary factor pertains to whether the person from whom discovery is sought is a participant in the foreign proceeding. *Id.* at 264. The need for § 1782(a) is more apparent where, as here, the person from whom discovery is sought is not a participant in the matter arising abroad. *Id.* Nevertheless, Crawford suggests that this factor weighs against granting Petitioners' § 1782 Application because the evidence Petitioners seek has already been obtained from the Company as part of the Appraisal Proceeding or can easily be obtained elsewhere, such as from Duff & Phelps. But Petitioners assert that the discovery they seek goes beyond that produced by the Company or possessed by Duff & Phelps and includes documents and information solely in the possession of Crawford. Crawford's objection that such discovery does not exist or, if it does, is irrelevant, is an objection to the scope of discovery. As discussed below, that objection can be more appropriately addressed during a meet-and-confer, which the parties have not yet held.

The second and third discretionary factors encourage courts to consider the foreign tribunal's receptivity to a U.S. federal court's assistance and whether the § 1782 request

7

conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. *Intel,* 542 U.S. at 264-65. There is no indication in the record here that a discovery order would be unwelcome by the Cayman Islands court. Crawford's objection that the subpoena's overbreadth is an attempt to circumvent the limited nature of the Appraisal Proceeding may, again, be a reason to narrow the scope of the subpoena through a meet-and-confer but not a reason to deny the § 1782 Application outright.

Finally, the Court recognizes that it has discretion to reject or trim "unduly intrusive or burdensome requests." *Intel,* 542 U.S. at 265. Crawford has filed two sworn declarations which state that Crawford did not complete its own analysis or review concerning the fair market value of the Company or its shares and instead relied on analysis produced by the Company. ECF Nos. 18-1 & 18-2. Accepted as true, Crawford may not have much discoverable information. Upon review of the proposed subpoena, the Court also agrees that Petitioners' discovery requests are overbroad, encompassing more than information targeting the fair value of the Company's shares at the relevant time and instead seeking information relating to the merger agreement or sale of the Company in general. However, rather than attempt to trim the discovery requests *sua sponte*, the Court will order the parties to meet and confer in good faith and pursuant to Local Rule 3.04 to narrow the scope of the discovery requests. If the parties cannot reach agreement, Crawford may seek relief from this Court pursuant to the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application for an *Ex Parte* Order of Judicial Assistance Pursuant to 28 U.S.C. § 1782 is **GRANTED.** Petitioners are authorized to take discovery from The Crawford Group, Inc. ("Respondent"), an entity found in this District, by issuing a subpoena seeking the production of documents and a deposition in the form attached to the Application as Exhibit 1 (the "Subpoena"). However, the entry of this Order does not foreclose Respondent from seeking relief under the Federal Rules of Civil Procedure if appropriate and after meeting and conferring in good faith pursuant to Local Rule 3.04.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer in good faith pursuant to Local Rule 3.04 to narrow the scope of the discovery sought, as set forth above.

**IT IS FURTHER ORDERED** that, until further Order by this Court, Respondent shall preserve all documents, electronic or otherwise, and any evidence in its possession, custody or control that contain information potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April 2021.